FILED US
US DISTRICT ... CLERK
WESTERN ... CT KY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. *3: 10 CV -611 -S*

10 SEP 28 PM 4:16

## CLASS ACTION COMPLAINT

ELIZABETH FOSTER;
JOHN R. FOSTER;

CONNIE WELLS;
ROYCE WELLS;

AUGUSTA MASON;
BRIAN MASON;

SHERILL A. MOODY;
MARK MOODY, *and;*

CHARLOTTE A. WOODWARD

   v.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AND,
MERSCORP,
*collectively as MERS;*

GMAC MORTGAGE LLC,
RESIDENTIAL ACCREDIT LOANS, INC., AND
RESIDENTIAL FUNDING COMPANY, LLC
*collectively as GMAC ;*

 DEUTSCHE BANK NATIONAL TRUST COMPANY;

NATIONSTAR MORTGAGE;

AURORA LOAN SERVICES;

BAC LOAN SERVICES;

CITIMORTGAGE;

US BANK;

REPRESENTATIVE
CLASS PLAINTIFFS;

*on behalf of themselves
and others so situated
as putative class members*

LSR PROCESSING;

DOCX;

LENDER PROCESSING SERVICES;

LERNER SAMPSON & ROTHFUSS;

MANLEY DEAS KOCHALSKI PLLC;

DINSMORE & SHOHL LLP;

REISENFELD & ASSOCIATES, LPA, *and;*

MIDDLETON & REUTLINGER                              DEFENDANTS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Come the Representative Plaintiffs, by counsel, on behalf of themselves and others so situated as putative class members pursuant to Fed. R. Civ. P. 23.   and for their Class Action Complaint against the name Defendants and yet to be named Defendants,  make their claim for treble and punitive damages,  costs and attorneys fees under 18 U.S.C. 1962 and 1964, otherwise known as the "racketeer Influenced and Corrupt Organizations Act," hereinafter ("RICO") and for all violations of law heretofore claimed.

An ongoing criminal investigation has been in place in the state of Florida by both the Florida Attorney General and the Justice Department.   Upon information and belief, a parallel investigation is ongoing in the state of Kentucky and at least three other states.

In September 2010, the national press began reporting that one of the Defendants, GMAC, had placed a moratorium nationwide on foreclosures, based on the illegalities in the policies, practices and procedures of their own employees and the law firms representing their interests in foreclosures.

On September 24, 2010, Members of Congress, Alan Grayson, Barney Frank and Corrine Brown wrote an open letter to Mr. Michael J. Williams, President and CEO of Fannie Mae, as to the egregious nature and Congressional hearings as to the issues which are the subject of this action.   Said letter is attached hereto as Exhibit "A."

Additionally, and as to the claims of the parties to this action, the legality of MERS on Deeds of Trust is being litigated in a Consolidated Class Action, *In Re MERS Litigation,* MDL 2119, United States District Court Arizona.1

## I.  THE PARTIES
## A.  THE PLAINTIFFS

1.      The named and representative Plaintiffs bring suit on behalf of themselves and the putative class, consisting of all putative members in the Commonwealth of Kentucky and through each and every state of the United States, the District of Columbia and all United States Territories .   They have standing to sue as they possess the same interest and have suffered or will suffer in the future, the same type of injury as the putative class members as the recorded owners in fee simple to property and/or are the Defendants to a foreclosure action relating to the property wherein a Mortgage was or is recorded in the name of MERS against the property.

The Representative Plaintiffs' lawsuits for which they are a Defendant are as follows:

2.      John R. and Elizabeth Foster are a married couple owning four properties in the County of Hardin.   The Foster property is currently in various stages of

---

1 Counsel of record in this case, while representing one of the Plaintiff/ Moody cases, was recently "transferred out" as a Tag-Along from the *In Re MERS Litigation,* MDL 2119.   The MDL Panel ruled that the Arizona action will only include those cases filed in non-judicial foreclosure jurisdictions. Kentucky is a judicial foreclosure state and will not be included in the action. The Order as to such is attached hereto as Exhibit. "B."

litigation, with one of their properties, liquidated in foreclosure and deeded by to the

Servicer, GMAC.  The owners of the Foster's loans remains unknown.

**Foster Loan #1**
**Hardin Circuit 10-CI-00862**
**GMAC Mortgage LLC Plaintiff**
**Manley Deas Kochalski Counsel of Record**

-2006 Promisory Note to Greenpoint Mortgage Funding, Inc.
-MERS Mortgage "acting solely as nominee for Greenbelt Mortgage Funding, Inc."
-2007 Lender Greenpoint Mortgage Funding, Inc. became extinct.
-2010 Assignment of Promissory Note as an allonge on behalf of the already extinct lender.
-Manley Deas Kochalski's, Crystal L Saresky, drafts Mortgage Assignment.
-Mortgage Assignment defective on its face pursuant to KRS 382.270 and 382.290.
-April 23, 2010, GMAC's Jeffrey Stephan, (alleged robo-signer,) executes Mortgage Assignment as Assignor and Assignee as Vice President of MERS and as an agent of the already extinct Lender Greenpoint Mortgage Lending, LLC.
-April 27, 2010, GMAC's Jeffrey Stephan, executes Affidavit as to Account Status and Defendants' Military Service.
-July 27, 2010, GMAC's Jeffrey Stephan executes and files second Affidavit filed as basis to attempt to obtain Summary Judgment and Order of Sale.

**Foster Loan #2**
**Hardin Circuit 09-CI-02248**
**GMAC Mortgage, LLC Plaintiff**
**Lerner Sampson Rothfuss Counsel of Record**

-2006 Promissory Note to Greenpoint Mortgage Funding, Inc.
-MERS Mortgage "acting solely as nominee for Greenbelt Mortgage Funding, Inc.    .
-No assignment of Promissory Note.
-No assignment of MERS Mortgage.
-2007 Lender Greenpoint Mortgage Funding, Inc. became extinct.
-May 17, 2010, GMAC's Jeffrey Stephan, (alleged robo-signer,) Affidavit filed and used as basis to obtain Judgment and Order of Sale.

**Foster Loan #3**
**Hardin Circuit 09-CI-0209**
**GMAC Mortgage LLC Plaintiff**
**Manley Deas Kochalski Counsel of Record**

-10/14/09 Foreclosure Filed with no Note or lost Note Affidavit.   Regardless, Plaintiff and Plaintiff's counsel state in their First Claim for Relief, "Plaintiff is the holder and owner of the Note."
-MERS Mortgage "acting solely as nominee for Greenbelt Mortgage Funding, Inc.    Book 1610 Page 662.
-2007 Lender Greenpoint Mortgage Funding, Inc. became extinct.
October 21, 2009, Counsel of Record for GMAC, Crystal L Saresky, drafts Mortgage Assignment.
-Mortgage Assignment defective on its face pursuant to KRS 382.270 and 382.290.
-October 21, 2009, GMAC's Jeffrey Stephan, (alleged robo-signer,) executes Mortgage Assignment as Assignor and Assignee as Vice President of MERS as nominee of extinct Lender Greenpoint Mortgage Lending, LLC.
-No reference to a Promissory Note in the Assignment.  No Promissory Note is ever entered into the record.
-Mortgage Assignment defective on its face pursuant to KRS 382.270 and 382.290.
-Notary to the Mortgage Assignment illegible.
-November 3, 2009 GMAC's Brenda Staehle, (alleged GMAC robo-signer,) executes Affidavit as to Account Status and Defendants' Military Service.
-July 29, 2010,  Property sold by Master Commissioner based on Motion for Default obtained without Notice to the homeowners while owners believed a repayment plan was in place.   The property was purchased by GMAC.

**Foster Loan # 4**
**Hardin Circuit 10-CI-01862**
**GMAC Mortgage LLC Plaintiff**
**Lerner Sampson Rothfuss Counsel of Record**

-2006 Promissory Note to Greenpoint Mortgage Funding, Inc.
-MERS Mortgage "acting solely as nominee for Greenbelt Mortgage Funding, Inc."
-No assignment of Promissory Note to GMAC.
-No assignment of MERS Mortgage.
-2007 Lender Greenpoint Mortgage Funding, Inc. became extinct.
-Litigation pending.

     3.      Connie and Wells  are a married couple who own a home in the County

of Madison.   At the time a foreclosure was filed, the Wells believed the were in the

process of a H.A.M.P. loan modification and were fraudulently led to believe that BAC

was the owner of their loan.   The Wells property is currently under a Summary Order

from Judge William Clouse to be liquidated in foreclosure and the deed transferred to the

Servicer, BAC  The owner of the Wells' loan remains unknown.

**Wells**
**Madison Circuit 09-CI-1345**
**BAC Home Loan Servicing**
**Lerner Sampson Rothfuss Counsel of Record**

-Promissory Note to First Omni Mortgage Lending.
-No Assignment of Promissory Note to BAC.
-MERS Mortgage "acting solely as nominee for First Omni Lending."
-No Mortgage Assignment filed with Foreclosure.
-Mortgage Assignment recorded after Foreclosure and filed with Motion for
Default.
-Mortgage Assignment defective on its face pursuant to KRS 382.270 and
382.290
-Mortgage Assignment drafted by Richard Rothfuss II, partner in Lerner Sampson
Rothfuss.
-Mr.  Rothfuss' Secretary, Ms Shellie Hill, signed the Assignment as an
"Assistant Secretary and Vice President of MERS," claiming that she was acting
for MERS as nominee for First Omni Mortgage Lending, a Mortgage Broker in
Louisville, Kentucky .
-Summary Judgment Ordered by Judge William Clouse utilizing Order drafted by
LSR law firm.  (Judge Clouse refused to write his own opinion.)
-Master Commissioner, Hon. from Jessamine County appeared on behalf of LRS
at Default hearing.
-Appeal of Judge Clouse's Summary Judgment pending.

4.      Augusta and Brian Mason are a married couple who own a home in the

County of Jessamine.   At the time a foreclosure was filed, the Masons believed the were

in the process of a H.A.M.P. loan modification and were fraudulently led to believe that

Nationstar, was the owner of their loan.   The Mason's property is currently in litigation.

The owner of the Mason's loan remains unknown.

**Mason**
**Jessamine Circuit 09-CI-362**
**Nationstar Mortgage Plaintiff**
**Manly Deas Kochalski Counsel of Record Nationstar**
**Dinsmore & Shohl Counsel of Record GMAC and Homecomings Financial**

-No Promissory Note.

6

-MERS Mortgage "acting solely as nominee for Homecomings Financial."
-No Mortgage Assignment filed with Foreclosure.
-2009 Mortgage Assignment recorded after Foreclosure.
-Mortgage Assignment defective on its face pursuant to KRS 382.270 and
382.290.
-Mortgage Assignment drafted by Crystal L. Ford of Manley Deas Kochalski.
-Mortgage Assignment executed by Christine Odom, an employee of Nationstar
(alleged robo-signer) as a "Vice President of MERS," claiming that she was
acting for both MERS and Homecomings Financial LLC for the benefit of her
employer, Nationstar.
-Mortgage Assignment notarized by Dionne Stevenson in the state of Texas.
-Dinsmore & Shohl Attorney of Record for Homecomings Financial LLC and
GMAC LLC.

     5.     Charlotte Woodward is the owner of a home in the County of Boone.

At the time a foreclosure was filed, Ms. Woodward was in the process of a applying for a

H.A.M.P. loan modification.   She was fraudulently led to believe that GMAC, the

servicer, is the owner of a mortgage loan.   Ms. Woodward's property is currently in

litigation. The owner of the loan remains unknown.

> **Woodward**
> **Boone Circuit 10-2057**
> **M & I Bank FSB Plaintiff**
> **Lerner Sampson Rothfuss Counsel of Record**
> **GMAC Servicer**

-Promissory Note to M & I Bank FSB.
-No Promissory Note Assignment.
-MERS Mortgage recorded as "nominee" for M & I Bank, FSB.
-GMAC continues to hold itself out in writing as the creditor in relationship to
the mortgage loan.
-Owner and holder of Promissory Note unknown.
-No Mortgage Assignment.
-Litigation and Class Action Counter/Cross Claim pending in Boone Circuit.

     6.     Sherrill and Mark Moody  are a married couple owning   properties in

the Counties of Fayette and Madison.   The Moody's properties are currently in various

stages of litigation.   The owners of the Moody's loans. remains unknown.

**Moody Loan  #1**
**Madison Circuit 09-CI-1323**
**Deutsche Bank National Trust Company Plaintiff**
**Jerry R. Howard Reisenfeld & Associates Original Counsel of Record**
**Dinsmore & Shohl Current Counsel of Record**
**Middleton Reutlinger Counsel of Record for MERS**

-Promissory Note to American Home Mortgage Acceptance, Inc.
-No Promissory Note Assignment.
-2/09 American Home Mortgage Liquidated in Bankruptcy.   Extinct entity.
-MERS Mortgage "acting solely as nominee for American Home Mortgage."
-No Mortgage Assignment filed with Foreclosure.
-9/1/09 Mortgage Assignment recorded after Foreclosure and filed with Motion
for Default.
-Mortgage Assignment defective on its face pursuant to KRS 382.270 and
382.290.
-Mortgage Assignment drafted by Jerry R. Howard, partner Reisenfeld &
Associates.
-Mortgage Assignment executed in the state of Florida by Lender Processing
Services employee, Michelle Halyard, (alleged robo-signer,) as "Signature and
Title of Officer," claiming she was simultaneously acting on behalf of MERS, and
the bankrupt/extinct entity, American Home Mortgage, as grantors for the benefit
of their client, the grantee, Deutsche Bank.
-Lender Processing Services employee, Gerhard v. Heckerman, Notary.
-Litigation pending.

**Moody Loan #2**
**Madison Circuit 09-CI-1592**
**Deutsche Bank National Trust Company as Trustee Plaintiff**
**Jerry R. Howard Reisenfeld & Associates Original Counsel of Record**
**Dinsmore & Shohl Current Counsel of Record**

-Promissory Note to American Home Mortgage Acceptance, Inc.
-No Promissory Note Assignment.
-2/09 American Home Mortgage Liquidated in Bankruptcy.   Extinct entity.
-MERS Mortgage "acting solely as nominee for American Home Mortgage."
-No Mortgage Assignment filed with Foreclosure.
-10/21/09 Mortgage Assignment recorded after Foreclosure and filed with Motion
for Default.
-Mortgage Assignment defective on its face pursuant to KRS 382.270 and
382.290.
-Mortgage Assignment drafted by Jerry R. Howard, partner Reisenfeld &
Associates.
-Mortgage Assignment executed in the state of Florida by Lender Processing
Services employee, Michelle Halyard, (alleged robo-signer,) as "Signature and
Title of Officer," claiming she was simultaneously acting on behalf of MERS, and

the bankrupt/extinct entity, American Home Mortgage, as grantors for the benefit of their client, the grantee, Deutsche Bank.
-Lender Processing Services employee, Gerhard v. Heckerman, Notary.
-Litigation pending.

**Moody Loan  #3**
**Madison Circuit 09-CI-1522**
**Citimortgage, Inc. Plaintiff**
**Manley Deas Kochalski Counsel of Record**

-Promissory Note to American Home Mortgage Acceptance, Inc.
-No Promissory Note Assignment.
-MERS Mortgage "acting solely as nominee for American Home Mortgage."
- American Home Mortgage.  Assets were sold in Bankruptcy 8/5/08.  2/23/09 liquidated in Bankruptcy.   Extinct entity.
-10/1/09 Mortgage Assignment recorded.
- Mortgage Assignment defective on its face pursuant to KRS 382.270 and 382.290.
-Mortgage Assignment drafted by Counsel of Record, Manley Deas Kochalski.
-Mortgage Assignment executed in the state of Missouri by CitiMortgage employee, Scott Scheiner (alleged robo-signer,) as "Vice President" of MERS claiming he was simultaneously acting on behalf of MERS, and the bankrupt/extinct entity, American Home Mortgage, as grantors for the benefit of his employer, the grantee, CitiMortgage.
   -CitiMortgage employee, Alex Crossman, Notary.
   -Litigation pending.

**Moody Loan #4**
**Madison County 09-CI-1300**
**Deutsche Bank National Trust Company as Indenture Trustee Plaintiff**
**Lerner Sampson Rothfuss Original Counsel of Record**
**Dinsmore & Shohl Current Counsel of Record**
**Middleton Reutlinger Counsel of Record for MERS**

   No Promissory Note
-MERS Mortgage "acting solely as nominee for American Home Mortgage Acceptance, Inc."
- American Home Mortgage.  Assets were sold in Bankruptcy 8/5/08.  2/23/09 liquidated in Bankruptcy.   Extinct entity.
-No Mortgage Assignment filed with Foreclosure.
-No Mortgage Assignment.
-Litigation pending.

**Moody Loan #5**
**Madison Circuit 09-CI-1293**
**Deutsche Bank National Trust Company as Indenture Trustee Plaintiff**

**Lerner Sampson Rothfuss Original Counsel of Record**
**Dinsmore & Shohl Current Counsel of Record**
**Middleton Reutlinger Counsel of Record for MERS**

-Promissory Note to American Home Mortgage Acceptance, Inc.
-No Promissory Note Assignment.
-MERS Mortgage "acting solely as nominee for American Home Mortgage Acceptance Inc."
- American Home Mortgage.   Assets were sold in Bankruptcy 8/5/08.  2/23/09 liquidated in Bankruptcy.  Extinct entity.
-No Mortgage Assignment filed with Foreclosure.
-No Mortgage Assignment served with Motion for Default and Summary Judgment.
-11/09/09 Motion for Default and Summary Judgment Denied and Overruled by Judge Logue.
-Litigation pending.

**Moody Loan #6**
**Madison Circuit 09-CI-1297**
**Deutsche Bank National Trust Company as Indenture Trustee Plaintiff**
**Lerner Sampson Rothfuss Original Counsel of Record**
**Dinsmore & Shohl Current Counsel of Record**
**Middleton Reutlinger Counsel of Record for MERS**

-No Promissory Note.
-MERS Mortgage "acting solely as nominee for American Home Mortgage Acceptance Inc."
- American Home Mortgage.   Assets were sold in Bankruptcy 8/5/08.  2/23/09 liquidated in Bankruptcy.   Extinct entity.
-No Mortgage Assignment filed with Foreclosure.
-No Mortgage Assignment.
-Litigation pending.

**Moody Loan #7**
**Madison Circuit 09-CI-1410**
**Aurora Loan Services Plaintiff**
**Manley Deas Kochalski Counsel of Record**

-Promissory Note to American Home Mortgage Acceptance, Inc.
-No Promissory Note Assignment.
-MERS Mortgage "acting solely as nominee for American Home Mortgage."
-American Home Mortgage.  Assets were sold in Bankruptcy 8/5/08.
  2/23/09 liquidated in Bankruptcy.   Extinct entity.
  -10/1/09 Mortgage Assignment recorded.
  -Mortgage Assignment defective on its face pursuant to KRS 382.270 and 382.290.
  -Mortgage Assignment drafted by Counsel of Record, Manley Deas Kochalski.

-Mortgage Assignment executed in the state of Nebraska by Aurora Loan
Services employee, Theodore Schultz (alleged robo-signer,) as "Vice President"
of MERS claiming he was simultaneously acting on behalf of MERS, and the
bankrupt/extinct entity, American Home Mortgage, as grantors for the benefit of
his employer, the grantee, Aurora Loan Services.
-Aurora Loan Services employee, Darlene Dietz (alleged robo-signer,) Notary.
-Litigation pending.   Motion for Summary Judgment and Order for Sale set
aside.
-Attached as a Tag-Along to MDL 2119, *In Re Mers Litigation*, and
subsequently transferred back, based on the decision of the MDL Panel that
MDL 2119 will only include cases taking place in states which allow non-
judicial foreclosure.   Kentucky is a judicial foreclosure jurisdiction.

### Moody Loan #8
### Madison Circuit 09-CI-1922
### Deutsche Bank National Trust Company as Indenture Trustee Plaintiff
### Lerner Sampson Rothfuss Original Counsel of Record
### Dinsmore & Shohl Current Counsel of Record

Promissory Note to American Home Mortgage.
-No Assignment of Promissory Note.
-MERS Mortgage "acting solely as nominee for American Home Mortgage."
-       American Home Mortgage.   Assets were sold in Bankruptcy 8/5/08.
2/23/09 liquidated in Bankruptcy.   Extinct entity.
-No Mortgage Assignment filed with Foreclosure.
-No Mortgage Assignment.
-Litigation pending.

### Moody Loan #9
### Fayette Circuit 09-CI-4463
### Deutsche Bank National Trust Company as Indenture Trustee Plaintiff
### Lerner Sampson Rothfuss Original Counsel of Record
### Dinsmore & Shohl Current Counsel of Record
### Middleton Reutlinger Counsel of Record for MERS

-No Promissory Note
-MERS Mortgage "acting solely as nominee for American Home Mortgage
 Acceptance, Inc."
 -American Home Mortgage.   Assets were sold in Bankruptcy 8/5/08.   2/23/09
 liquidated in Bankruptcy.   Extinct entity.
-No Mortgage Assignment filed with Foreclosure.
-No Mortgage Assignment.

### Moody Loan  #10
### Fayette Circuit 09-CI-4513
### U.S. Bank Association as Indenture Trustee Plaintiff

11

**Lerner Sampson Rothfuss Original Counsel of Record**
**Dinsmore & Shohl Current Counsel of Record**
**Middleton Reitlinger Counsel of Record for MERS**

-Promissory Note to American Home Mortgage Acceptance, Inc.
-No Promissory Note Assignment.
-2/09 American Home Mortgage Liquidated in Bankruptcy.   Extinct entity.
-MERS Mortgage "acting solely as nominee for American Home Mortgage."
-No Mortgage Assignment filed with Foreclosure.
-9/1/09 Mortgage Assignment recorded after Foreclosure and filed with Motion
for Default.
-Mortgage Assignment defective on its face pursuant to KRS 382.270 and
382.290.
-Mortgage Assignment drafted by DOCX employee, Ron Meharg.
-Mortgage Assignment executed by DOCX employees, Tywanna Thomas,
(alleged robo-signer,) and Linda Green (alleged robo-signer,) as "Assistant
Secretary and Vice President of MERS," claiming that they were
simultaneously acting on behalf of MERS, the bankrupt/extinct entity,
American Home Mortgage, as grantors for the benefit of their client, the
grantee, U.S. Bank as Indenture Trustee.
-DOCX employee, Diane Miskell, Notary.
-Litigation pending.

**Moody Loan #11**
**Fayette Circuit 09-CI-6675**
**U.S. Bank Association as Indenture Trustee Plaintiff**
**Jerry R. Howard Reisenfeld & Associates Original Counsel of Record**
**Dinsmore & Shohl Current Counsel of Record**
**Middleton Reitlinger Counsel of Record for MERS**

- 2005 Promissory Note to American Home Mortgage Acceptance, Inc.
-MERS Mortgage "acting solely as nominee for American Home Mortgage
Acceptance, Inc."
-American Home Mortgage.   Assets were sold in Bankruptcy 8/5/08.   2/23/09
liquidated in Bankruptcy.   Extinct entity.
-No Mortgage Assignment filed with Foreclosure.
-No Mortgage Assignment.
-Litigation pending.

**Moody Loan #12**
**Fayette Circuit 09-CI-4465**
**Deutsche Bank National Trust Company as Indenture Trustee Plaintiff**
**Lerner Sampson Rothfuss Original Counsel of Record**
**Dinsmore & Shohl Current Counsel of Record**
**Middleton Reitlinger Counsel of Record for MERS**

`-Promissory Note to American Home Mortgage Acceptance, Inc.
-No Promissory Note Assignment.
-MERS Mortgage "acting solely as nominee for American Home Mortgage."
-Mortgage attached as Exhibit "B" is for a loan unrelated to the Promissory Note.
- American Home Mortgage.  Assets were sold in Bankruptcy 8/5/08.  2/23/09
liquidated in Bankruptcy.  Extinct entity.
-No Mortgage Assignment filed with Foreclosure.
-9/1/09 Mortgage Assignment recorded for a Mortgage unrelated to the Promissory
Note and filed after Foreclosure with Motion for Default.
-Mortgage Assignment defective on its face pursuant to KRS 382.270 and 382.290.
-Mortgage Assignment drafted by DOCX employee, Ron Meharg.
-Mortgage Assignment executed in Georgia by DOCX employees, Tywanna
Thomas, (alleged robo-signer,) and Linda Green (alleged robo-signer,) as "Assistant
Secretary and Vice President of MERS," claiming that they were simultaneously
acting on behalf of MERS, the bankrupt/extinct entity, American Home Mortgage,
as grantors for the benefit of their client, the grantee, U.S. Bank as Indenture
Trustee.
-DOCX employee, Chris M. Ivey, Notary.
-Litigation pending.

## II.B.  THE DEFENDANTS

### Mortgage Electronic Registration Systems, Inc., MERSCORP, hereinafter collectively ("MERS") and the MERS Shareholders:

7.       Defendant Merscorp, Inc., is a foreign corporation created in or about

1998 by conspirators from the largest banks in the United States in order to undermine

and eventually eviscerate long-standing principles of real property law, such as the

requirement that any person or entity who seeks to foreclose upon a parcel of real

property: 1) be in possession of the original note, 2) Have a publicly recorded mortage in

the name of the party for whom the underlying debt is actually owed and who is the

holder of the original Promissory Note with legally binding assignments, and 3) possess a

written assignment giving he, she or it actual rights to the payments due from the

borrower pursuant to both the mortgage and note.

8.       Defendant Merscorp, Inc., claims to be the sole shareholder in an entity

by the name of Mortgage Electronic Registrations Systems, Inc., ("MERS"). MERS is the

13

RICO enterprise and is the primary innovation through which the conspirators, including the Defendants, have accomplished their illegal objectives as detailed throughout this Complaint.

9.      For the purposes of this action, MERS shall also refer to each and every shareholder of MERSCORP, who will be named as their identities are revealed.

10.     The Complaint names the entity, Mortgage Electronic Registration Systems, Inc., hereinafter, ("MERS").   MERS is the mortgage holder of record for the Class Plaintiff's second mortgage.   The lender to the second mortgage is M & I Bank FSB.   It is this second mortgage, which is the subject of this action.

11.     MERS is not the original lender for any of the class members loans. MERS is not the creditor, beneficiary of the underlying debt or an assignee under the terms of the Promissory Notes of the class members.   MERS does not hold the original of the Promissory Note, nor has it ever held the Promissory Notes of the class members.

12.     The Mortgagee, MERS, is a owned by the company, MERSCORP, which is in turn owned by a group of Wall Street investment Banks.

13.     MERS is unregistered and unlicensed to conduct mortgage lending or any other type of business in the Commonwealth of Kentucky and has been and continues to knowingly and intentionally illegally and fraudulently record mortgages and conduct business in Kentucky on a large scale and systematic fashion..

14.     No promissory Note or other evidence exists which could ever make the Plaintiffs and the class members indebted to MERS in any way.

14

15.      MERS never had nor will it ever have standing to enforce the illegal and fraudulent mortgage it filed against the properties in question.   MERS never had nor will it ever have the authority to assign the Mortgage to any entity.

16.      MERS has never possessed a pecuniary or financial interest in the Notes of the Plaintiffs and the class members.

17.      MERS has never had any right to collect on the Note or enforce the Mortgage, nor has it had a right to hold, enforce or collect upon any of the thousands of Mortgages it has fraudulently recorded throughout the Commonwealth of Kentucky, in the 50 states, the District of Columbia and all other US Territories.

### The Law Firms:

18.      In or about the last decade, the Defendant Firms joined with Defendant Merscorp, Inc., and other conspirators in the fraudulent scheme and RICO enterprise herein complained. . The employees of the Defendant Firms, including many licensed attorneys, have become skilled in using the artifice of MERS to sabotage the judicial process to the detriment of borrowers, and, over the past several years, have routinely relied upon MERS to accomplish illegal acts.

19.      Manley Deas Kochalski PLLC, is a law firm with its principal place of business in the state of Ohio.   Herein after ("MDK",) the firm is one of the regional foreclosure mills.

20.      Dinsmore & Shohl LLP, is a law firm with its principal place of business in the state of Ohio.   Herein after ("D&S",) the firm is one of the regional foreclosure mills, and the regional corporate counsel for GMAC.

15

21.     Lerner Sampson & Rothfuss, is a law firm with its principal place of business in the state of Ohio.   Herein after ("LSR",) the firm is one of the regional foreclosure mills, and the Kentucky counterpart to Florida's Stern Law Group in that the partners of LSR own their own document processing company, LSR Processing LLC, to generate loan and mortgage documents.   LSR has a pattern and practice on drafting missing mortgage and loan documents and in turn, having them executed by their own employees.

22.     Jerry R. Howard Reisenfeld & Associates, LPA, is a law firm with its principal place of business in the state of Ohio.   Herein after ("R&A" ,) the firm is one of the regional foreclosure mills.

23.     Middleton & Reutlinger, is a Kentucky based law firm and serves as MERS regional counsel.

### The Document Processing Defendants:

24.     LSR Processing LLC, is a document processing company, based in the state of Ohio to generate loan and mortgage documents.   Upon information and belief it is owned by one or more of the partners of LSR law firm.   LSR Processing was created in order to facilitate the conspiratorial acts of the Defendants in relation to the creation of fraudulent Promissory Notes, Note Assignments, Affidavits and Mortgage Assignments LSR Processing has a pattern and practice of drafting missing mortgage and loan documents and in turn, having them executed by their own employees.

25.     DOCX LLC, hereinafter ("DOCX".)   Defendant, DOCX, is a Georgia Corporation with its principal place of business in Irvine, California.   Although DOCX is

16

doing business in the state of Kentucky, it is not registered to engage in business in the state of Kentucky.

26.     Defendant Lender Processing Services, Inc. ("LPS") is a Delaware Corporation, with its principal place of business in Jacksonville, Florida.   Although LPS is doing business in the state of Kentucky, it is not registered to engage in business in the state of Kentucky.   At all times relevant hereto, LPS was the parent company of DOCX. Together they are referred to as ("LPS/DOCX.")

### The Servicers and MBS "Trusts"[2]:

27.     GMAC Mortgage and GMAC Residential Funding Corporation, collectively hereinafter ("GMAC",)  is a foreign business entity, which according to the MERS  internet web site, www.mersinc.org, is a shareholder in MERS.   GMAC serves as a servicer on tens of thousands of Mortgage loans.

28.     The Deutsche Bank as "Trustee" is a generic term for an entity not incorporated or registered to do business in any of the United States in order to facilitate illegal property foreclosures.

29.     CitiMortgage is a foreign business entity, which according to the MERS  internet web site, www.mersinc.org, is a shareholder in MERS.

30.     Aurora Loan Services is thought to be a foreign corporation, but is not registered to conduct business in the state of Kentucky.

31.     Nationstar Mortgage is thought to be a foreign corporation, but is not registered to conduct business in the state of Kentucky.

---

2 Other loan Servicers and MBS "Trustee" Defendants shall be named as their identities are revealed.   The underwriters and originators of the MBS "Trusts" shall be named as their identities are revealed.   It is anticipated that they will include, bu in no way be limited to Bear Stearns, Lehman Brothers, RFC Financial  and Goldman Sachs.

32.     Us Bank is thought to be a foreign corporation, but is not registered to conduct business in the state of Kentucky.

33.     BAC Loan Servicing, is a foreign business entity, which according to the MERS internet web site, www.mersinc.org, is a shareholder in MERS.

34.     M & I Bank FSB is believed to be a financial services company. According to the records of the Kentucky Secretary of State, it is not registered in the state of Kentucky as a Bank or any other type of business entity.

## II. JURISDICTION AND VENUE

35.     The Court has original and subject matter jurisdiction over the Plaintiffs' statutory and common law violations of RICO, Kentucky, and common law.

36.     Venue is proper in this Judicial District as two of the lead Plaintiffs' properties are located in Hardin County, Kentucky.   Defendants have conducted business, albeit illegally in this County and throughout the one hundred twenty (120) Counties in Kentucky and throughout the United States by filing tens of thousands of fabricated, illegal and unenforceable Promissory Notes, Assignments of Promissory Notes, Affidavits as to loan ownership and Status of Accounts, Mortgages and Assignments of Mortgages.

## III.  INTRODUCTION

37.     This case arises due to the fact that for the Class Plaintiff and the members of this putative class, their Mortgages and in some cases, the foreclosures that followed,  were and will be based upon a mortgage and a note in the mortgage that are not  held by the same entity or party and are based upon a mortgage that was flawed at the date of origination of the loan because Mortgage Electronic Registration Systems

("MERS") was named as the beneficiary or nominee of the lender on the mortgage or an assignee and because the naming of MERS as the beneficiary was done for the purpose of deception, fraud, harming the borrower and the theft of revenue from in all one hundred (120) Kentucky Counties through the illegal avoidance of mortgage recording fees.

38.     This action includes class members from each and every Federal jurisdiction, whether or not the individual state allows the foreclosure of the homes in its state without the owner of the home ever having the opportunity to defend itself in a Court of law, (the non-judicial foreclosure states.)   Therefore, for purposes of this action the term "Mortgage" shall include the term "Deed of Trust."

39.     In the case where a foreclosure has been filed, the entity filing the foreclosure has no pecuniary in the mortgage loan.   The foreclosing entity is a third party.   The entity lacks standing, and most times, the capacity to foreclose.   The entity has no first hand knowledge of the loan, no authority to testify or file affidavits as to the validity of the loan documents or the existence of the loan.   The entity has no legal authority to draft mortgage assignments relating to the loan.   The foreclosing entity and its agents regularly commit perjury in relation to their testimony.

40.     The "lender," on the original Promissory Note was not the lender.   The originators of the loan immediately and simultaneously securitized the note.     The beneficial interest in the note was never in the lender.   MERS, acting as the mortgagee or mortgage assignee, was never intended to be the lender nor did it represent the true lender of the funds for the mortgage. The Servicer, like GMAC Mortgage, or some party has or is about to declare the default, is not in privity with the lender.   The true owner or beneficiary of the mortgage loan has not declared a default and usually no longer have an

19

interest in the note.  The Servicer is not in privity nor does it have the permission of the beneficial owners of the Note to file suit on their behalf.

41.     The obligations reflected by the note allegedly secured by the MERS mortgage have been satisfied in whole or in part because the investors who furnished the funding for these loans have been paid to the degree that extinguishment of the debts has occurred with the result that there exists no obligations on which to base any foreclosure on the property owned by the Class Plaintiffs.  Defendants have and will cloud the title and illegally collect payments and attempt to foreclose upon the property of the Plaintiffs when they do not have lawful rights to foreclose, are not holders in due course of the notes.

42.     Any mortgage loan with a Mortgage recorded in the name of MERS, is at most, an unsecured debt.   The only parties entitled to collect on the unsecured debt would be the holders in due and beneficial owners of the original Promissory Note.

43.     The loan agreements were predatory and the Defendants made false representations to the Class Plaintiffs which induced the Class Plaintiffs to enter into the loans and the Defendants knew the representations were false when they were made.

44.     This is a Class Action brought for violations of Kentucky and Federal law.  It is brought by one or more classes of mortgagors who have been sued for either in foreclosure or Declaratory Judgments for Truth in Lending Act ("TILA") Regulation Z Rescissions, by entities lacking capacity (fake Trusts), to file suit in Kentucky and who lack standing as a real party in interest to the underlying debt; which would exist in the form of a negotiable instrument, a Promissory Note.   The class members also consist of any and all mortgagors in the state of Kentucky whose mortgages are or were ever

publicly recorded in the name of MERS, regardless of whether there is a suit in foreclosure against the property.

45.        Although the loan transactions in question contain dozens of violations of federal and state statutes and common law torts, which have been perpetrated against Kentucky recording clerks, the Kentucky Revenue Cabinet and property owners, this Class Action concerns to violations of law pertaining to the improper and illegal drafting, execution and public recording of Affidavits, Mortgages and Assignment of Mortgages used to illegally divest and the continued illegal attempts to  divest property owners of title to their property.

46.        In addition to damages, the violations have created and continue to create a permanent cloud on Kentucky and nationwide titles and land records in relation to the titles illegally divested.   This cloud potentially affects every resident of Kentucky and the United States as all have the potential to be the title holders of the clouded property.

47.        Since 2007, and going forward, many property owners found themselves defending a foreclosure action during the pendency of a Declaratory action to loan rescission under TILA's Regulation Z.    Often, the Declaratory Judgment and Foreclosure would be filed by different parties.      Other property owners found themselves served with a foreclosure action while in the middle of a loan modification with an entity they were led to believe was a bank and their lender.    Others were foreclosed upon due to an involuntary default due to a substantial and insurmountable increase in their adjustable rate mortgage.    While still others were foreclosed during a voluntary default made at the request of a loan Servicer, whom the borrower believed to

21

be a Bank and their lender.   This was a lie.   These voluntary defaults were obtained by the third party loan Servicer   under the guise that the voluntary 60 day default was necessary in order for the homeowner to qualify for a Government sponsored loan modification program.

48.      The property owners find that they have been sued in Declaratory Judgment and/or foreclosure by a third party Loan Servicing Agent for "Trustee for the _____Trust" or by a fourth party Sub-Servicer.   The Servicers have absolutely no legal rights or legal connection to the mortgage loan.     In other cases the "Trust" themselves will come to Court.

49.      The pattern and practice of the Servicers, MBS Trusts, the document processing companies and law firms was to procure fraudulent and forged documents for the sole purpose of creating a fraud in the public record in order to illegally take property in foreclosure.

50.      Certain individuals who were the employees of the Servicer, document processing company and even the employees of the law firms executed and notarized forged documents as to the ownership of the loan.   The affiants have committed wide-spread and counts of fraud, perjury and forgery in the tens of thousands.   These forgers have been referred in the press with the vernacular term "robo-signers."

51.      In these cases, the property could be foreclosed by default, sold and transferred without ANY real party in interest havening ever come to Court and with out the name of the "Trust" or the owners of the mortgage loan, ever having been revealed. Many times the Servicer will fraudulently keep the proceeds of the foreclosure sale under the terms of a Pooling and Servicing Agreement as the "Trust" no longer exists or has

22

been paid off. The Court and the property owner will never know that the property was literally stolen.

52.     After the property is disposed of in foreclosure, the real owners of the mortgage loan are still free to come to Court and lay claim to the mortgage loan for a second time. These parties who may actually be owed money on the loan are now also the victims of the illegal foreclosure. The purchaser of the property in foreclosure has a bogus and clouded title, as well as all other unsuspecting buyers down the line. Title Insurance would be impossible to write on the property.

53.     The "Trusts" coming to Court are actually Mortgage Backed Securities ("MBS"). The Servicers, like GMAC, are merely administrative entities which collect the mortgage payments and escrow funds. The MBS have signed themselves up under oath with the Securities and Exchange Commission ("SEC,") and the Internal Revenue Service ("IRS,") as mortgage asset "pass through" entities wherein they can never own the mortgage loan assets in the MBS. This allows them to qualify as a Real Estate Mortgage Investment Conduit ("REMIC") rather than an ordinary Real Estate Investment Trust ("REIT"). As long as the MBS is a qualified REMIC, no income tax will be charged to the MBS. For purposes of this action, "Trust" and MBS are interchangeable.

**Real Estate Mortgage Investment Conduit (REMIC):**

54.     Although the Plaintiffs attempting to foreclosure refer to themselves as "Trustees" of a "Trust," the entities are not "Trustees" nor "Trusts" as defined by Kentucky law. Neither are the entities registered as Business Trusts or Business Trustees as required by Kentucky law. In every case, where one of these MBS have come to a Kentucky Court the entity foreclosing lacked capacity sue to file suit in the

23

State of Kentucky.   There is no "Trust Agreement" in existence.   The entity filing has utilized a Kentucky legal term it has no right to use for the sole purpose of misleading the Court.

55.       Although the "Trust" listed may be registered with the Securities and Exchange Commission ("SEC") and the Internal Revenue Service ("IRS") as a Real Estate Mortgage Investment Conduit ("REMIC"), more often than it is not properly registered in any state of the union as a Corporation, Business Trust, or any other type of corporate entity.   Therefore, the REMIC does not legally exist for purposes of capacity for filing a law suit in Kentucky or any other State.

56.       REMICS were newly invented in 1987 as a tax avoidance measure by Investment Banks.   To file as a REMIC, and in order to avoid one hundred percent (100%) taxation by the IRS and the Kentucky Revenue Cabinet, an MBS REMIC could not engage in any prohibited action.   The "Trustee" can not own the assets of the REMIC.   A REMIC Trustee could never claim it owned a mortgage loan.   Hence, it can never be the owner of a mortgage loan.

57.       Additionally, and important to the issues presented with this particular action, is the fact that  in order to keep its tax status and to fund the "Trust" and legally collect money from investors, who bought into the REMIC, the "Trustee" or the more properly named, Custodian of the REMIC, had to have possession of ALL the original blue ink Promissory Notes and original allonges and assignments of the Notes, showing a complete paper chain of title.

58.       Most importantly for this action, the "Trustee"/Custodian   MUST have the mortgages recorded in the investors name as the beneficiaries of a MBS in the year

24

the MBS "closed."   Every mortgage in the MBS should have been publicly recorded in the Kentucky County where the property was located with a mortgage in the name similar to "2006 ABC REMIC Trust on behalf of the beneficiaries of the 2006 ABC REMIC Trust."   The mortgages in the referenced example would all have had to been publicly recorded in the year 2006.

59.    As previously pointed out, the "Trusts" were never set up or registered as Trusts.  The Promissory Notes were never obtained and the mortgages never obtained or recorded.

60.    The "Trust" engaged in a plethora of "prohibited activities" and sold the investors certificates and Bonds with phantom mortgage backed assets.   There are now nationwide, numerous Class actions filed by the beneficiaries (the owners/investors) of the "Trusts" against the entities who sold the investments as REMICS based on a bogus prospectus.

61.    In the above scenario, even if the attorney for the servicer who is foreclosing on behalf of the Trustee (who is in turn acting for the securitized trust) produces a copy of a note, or even an alleged original, the mortgage loan was not conveyed into the trust under the requirements of the prospectus for the trust or the REMIC requirements of the IRS.

62.    As applied to the Class Members in this action, the end result would be that the required MBS asset, or any part thereof (mortgage note or security interest), would not have been legally transferred to the trust to allow the trust to ever even  be considered a "holder" of a  mortgage loan.   Neither the "Trust" or the Servicer would ever be  entitled  to bring a foreclosure or declaratory action.   The Trust will never have

standing or be a real party in interest.   They will never be the proper party to appear before the Court.

63.      The transfer of mortgage loans into the trust after the "cut off date" (in the example 2006), destroys the trust's REMIC tax exempt status, and these "Trusts" (and potentially the financial entities who created them) would owe millions of dollars to the IRS and the Kentucky Revenue Cabinet as the income would be taxed at of one hundred percent (100%).

64.      Subsequent to the "cut off date" listed in the prospectus, whereby the mortgage notes and security for these notes had to be identified, and Note and Mortgages transferred,      and   thereafter, the pool is permanently closed to future transfers of mortgage assets.

65.      All Class members have mortgage loans which were recorded in the name of MERS and/or for which were attempted through a Mortgage Assignment to be transferred into a REMIC after that REMIC's "cut off" and "closing dates."

66.      In all cases, the lack of acquisition of the Class Members' mortgage loans violates the prospectus presented to the investors and the IRS REMIC requirements.

67.      If an MBS Trust was audited by the IRS and was found to have violated any of the REMIC requirements, it would lose its REMIC status and all back taxes would be due and owing to the IRS as well as the state of Kentucky.   As previously stated, one hundred percent (100%) of the income will be taxed.