# EXHIBIT B

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**Aug 09, 2010**

**FILED**
**CLERK'S OFFICE**

**IN RE: MORTGAGE ELECTRONIC REGISTRATION**
**SYSTEMS (MERS) LITIGATION**
      Aurora Loan Services, LLC v. Mark B. Moody, et al.,      )
           E.D. Kentucky, C.A. No. 5:10-122           )          MDL No. 2119

**ORDER VACATING CONDITIONAL TRANSFER ORDER**

      **Before the entire Panel**[*]: Defendant Mortgage Electronic Registration Systems, Inc. (MERS) in an action (*Aurora*) pending in the Eastern District of Kentucky has moved pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring certain claims in the action to the District of Arizona for inclusion in MDL No. 2119. No party in *Moody* responded to the motion to vacate.

      After considering all argument of counsel, we find that *Aurora* does not share sufficient questions of fact with previously centralized actions to warrant inclusion in MDL No. 2119. The centralized proceedings concern the formation and/or operation of the MERS system, an electronic mortgage registration system and clearinghouse that tracks beneficial ownership interests in, and servicing rights to, mortgage loans. Plaintiffs are homeowners who allege that the members and/or shareholders of MERSCORP, Inc., and its subsidiary MERS conspired to establish the MERS system as a means by which to intentionally hide from plaintiffs the true identity of the actual beneficial owners of negotiable promissory notes. Claims unrelated to the formation and/or operation of the MERS system, i.e., such as claims regarding loan origination and/or collection practices, were separated and simultaneously remanded to the transferor court. *See In Re: Mortgage Electronic* Registration Systems (MERS) Litigation, 659 F.Supp.2d 1368 (J.P.M.L. 2009). Unlike all of the centralized actions, *Aurora* arose in Kentucky, which is a judicial foreclosure state. We are of the view that expanding the scope of MDL No. 2119 by including actions arising in judicial foreclosure states would hinder the efficient conduct of MDL No. 2119.

      Should the need arise in this action, alternatives to transfer exist that can minimize any possibilities of duplicative discovery and/or inconsistent pretrial rulings between this action and the actions in MDL No. 2119. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation (Fourth)*, § 20.14 (2004).

---

      [*]   Judge Heyburn did not participate in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that our conditional transfer order designated as "CTO-5" is vacated insofar as it relates to this action.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman*      Kathryn H. Vratil
David R. Hansen                    W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.              Barbara S. Jones